## Case No. 16,309.

### UNITED STATES v. SKINNER et al.

[1 Brunner, Col. Cas. 446;[1] 2 Wheeler, Cr. Cas. 232.]

Circuit Court, D. New York. 1818.

CRIMINAL PROSECUTIONS — AUTHORITY FOR COM-MENCEMENT—INTERNATIONAL LAW—PRIVILEGES OF FOREIGN MINISTER—NEUTRALITY LAWS.

1. No instruction or official authorization is required for the institution of a criminal prosecution; any citizen may complain of an infraction of the law, and it is the duty of the judge to issue a warrant.

2. The privileges of a foreign minister are not extended to a person having a commission from a revolutionary government not acknowledged by the United States.

3. The fitting our or arming of a vessel with illegal intent, though that intent appear to have been defeated after the vessel sailed, will constitute a breach of the neutrality laws. It is not necessary that the vessel illegally fitted out should be armed, or in condition to commit hostilities on leaving the United States.

The facts of this case appeared as follows: Judge Livingston issued warrants against Captain Skinner, Don Manuel H. Aguirre, and Mr. Delano, for "knowingly being concerned in the furnishing, fitting out, or arming, in the port of New York, two ships, called the Curiazo and Horatio, with the intent that they should be employed in the service of some foreign prince or people, to cruise or commit hostilities against the subjects of some other foreign prince or state, with whom the United States are at peace." These warrants were issued under the third section of the act passed at the last session of congress, "for the punishment of certain crimes against the United States," and which is in the words following:—"Sec. 3. Be it further enacted, that if any person shall, within the limits of the United States, fit out and arm, or attempt to fit out and arm, or procure to be fitted out and armed, or shall knowingly be concerned in the furnishing, fitting out, or arming, of any ship or vessel, with intent that such ship or vessel shall be employed in the service of any foreign prince or state, or of any colony, district, or people, to cruise or commit hostilities against the subjects, citizens, or property, of any foreign prince or state, or of any colony, district, or people, with whom the United States are at peace, or shall issue or deliver a commission within the territory or jurisdiction of the United States, for any ship or vessel, to the intent that she may be employed as aforesaid, every person so offending shall be deemed guilty of a high misdemeanor, and shall be fined not more than ten thousand dollars, and imprisoned not more than three years; and every such ship or vessel, with her tackle, apparel, and furniture, together with all materials, arms, ammunition, and stores, which may have been procured for the building and

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

equipment thereof, shall be forfeited; one half to the use of the informer, and the other half to the use of the United States." 2 Bior. & D. Laws, 426 [1 Stat. 383].

The counsel for the defendants moved to have their clients discharged altogether; or, if held to bail, they insisted that they should, under all the circumstances of the case, be recognized to appear at the next term of the circuit court, in a very small sum. This motion was made on three grounds:—(1) That as the prosecution had been commenced without any directions on the part of the government, or application by the district attorney, it was irregular in its inception, and ought to be immediately discontinued. (2) That Mr. Aguirre (to whose case alone this ground applied) was a minister from the government of Buenos Ayres to that of the United States, and could not, therefore, be proceeded against in this way. (3) That to constitute an offense against the third section of this act, the vessels must not only have been fitted out with intent to be thus employed, but actually armed for that purpose; and many depositions were produced, proving that neither of the vessels were or ever had been armed.

Emmett, Wells & Soughton, for prosecution.

Mr. Hoffman, D. B. Ogden, Mr. Burr, and Mr. Palmer, for defendants.

After an argument of these points by the respective counsel, LIVINGSTON, Circuit Justice, decided:

First. That no instructions were necessary on the part of the president, or any other officer of government, to justify the issuing a warrant for the violation of this or any other law; nor had the president any right to interfere with the proceedings which had been commenced in this case, by giving any instructions to him on the subject. Nor was it necessary that the application for a warrant should be made by the district attorney, as any individual might complain of the infraction of a law, and he considered it his duty to award a warrant whenever complaint was made to him on oath of a crime's being committed, whether such warrant were applied for by the district attorney or any other person.

Second. As to any privilege which Mr. Aguirre's commission conferred on him, the judge was of opinion that this gentleman, not being accredited by the president, and the independence of Buenos Ayres not being acknowledged by the government of the United States, he was liable to be proceeded against for any offense which he might commit against our laws, in the same way as any other individual.

On the third point, the judge thought no offense could be committed against the third section of the act, unless the vessel was armed, as well as fitted out with intent to be employed, etc. That it does not appear by any part of the act that congress intended to pro-

hibit the citizens of the United States from building vessels and selling them to either of the belligerents, so long as they were not armed. In the case of a principal, it was clearly necessary, by the very terms of the law, to render him criminal, that the vessel should be fitted out and armed. Those, therefore, who were knowingly concerned in the furnishing, fitting out, or arming of such ship or vessel, must also be considered as innocent, until an actual armament took place, or this absurdity would result, that one man might have a vessel built and fitted out for this purpose without being guilty of any offense, while the whole penalty of the law might be incurred by a person who should furnish her with a single suit of sails, or a cable. As it respected the evidence of an armament, the depositions on which the warrants had issued were not only either altogether silent, or quite insufficient to prove the fact; but those on the part of the defendants established, beyond controversy, that neither of the vessels, although no doubt built for warlike purpose, had ever been armed.

LIVINGSTON, Circuit Justice, was therefore of opinion, that neither of the parties arrested had committed any offense, and ordered them all to be discharged.